CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:13CR00034-01 |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SHEIK NAIEEM TRICE, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

On May 29, 2014, the defendant, Sheik Naieem Trice, was convicted of conspiracy to possess with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846, and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). He was designated as a career offender under the United States Sentencing Guidelines, and his resulting guideline range of imprisonment was 262 to 327 months. At sentencing, the court both departed and varied from the advisory guideline range and imposed a total term of imprisonment of 151 months. The defendant has now moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the Guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Hood, 556 F.3d 226, 231 (4th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). Thus, to be the basis of a reduction under § 3582(c)(2), an amendment to the Sentencing Guidelines "must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B)) (emphasis in original). The Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines manual or any variance." U.S.S.G. § 1B1.10 cmt. n. 1(A).

In the instant case, the defendant's applicable guideline range was his career offender range of 262 to 327 months, which was calculated pursuant to § 4B1.1 of the Sentencing Guidelines. "[L]ike the earlier crack cocaine amendments, Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014). Therefore, the defendant's "applicable guideline range" was not affected by Amendment 782. Although the court ultimately granted a downward departure and variance, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any amendments to the Guidelines, the defendant is not eligible for a sentence reduction under § 3582(c)(2). See Thomas, 775 F.3d at 983; see also United States v. Fritz, No. 15-6729, 2015 U.S. App. LEXIS 18371 (4th Cir. Oct. 22, 2015) (holding that the district court correctly concluded that a defendant was not eligible for a reduction based on Amendment

2

782, since he was sentenced as a career offender under § 4B1.1). For these reasons, the defendant's motion for reduction in sentence must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 23rd day of November, 2015.

/s/ Glen Conrad
Chief United States District Judge