CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 7:13CR00034-01 |
| ) | (Civil Action No. 7:16CV81043) |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| SHEIK NAIEEM TRICE, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

Sheik Naieem Trice, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Trice to respond has expired, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Trice's motion to vacate will be denied.

### Background

Trice was indicted by a federal grand jury on May 2, 2013. Count One of the indictment charged Trice with conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. Count Two charged Trice with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). On May 29, 2014, a jury convicted Trice of both counts.

Prior to sentencing, the probation officer prepared a presentence report, which designated Trice as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The career offender designation was based on three prior convictions in New Jersey state courts for controlled substance offenses. As a career offender, Trice was subject to an advisory guideline range of imprisonment of 262 to 327 months.

Trice appeared for sentencing on October 2, 2014. During the hearing, defense counsel objected to the career offender designation on the basis that the government's evidence was insufficient to establish the existence of the predicate convictions. The court overruled the objection and concluded that Trice qualified for the career offender designation. However, based on multiple factors, the court both departed and varied from the career offender range, and imposed a 151-month term of imprisonment.

Trice appealed his convictions and sentence to the United States Court of Appeals for the Fourth Circuit. On appeal, Trice argued that he was improperly sentenced as a career offender. The Fourth Circuit rejected Trice's argument and affirmed the court's judgment. See United States v. Trice, 621 F. App'x 151, 154 (4th Cir. 2015) ("The district court properly relied on certified judgments from New Jersey state courts reflecting Trice's prior felony drug convictions. We discern no error in the court's conclusion that Trice was a career offender.").

On June 24, 2016, Trice moved to vacate his sentence under 28 U.S.C. § 2255. Relying on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Trice argues that he no longer qualifies as a career offender and, thus, that he is entitled to resentencing.

Pursuant to Standing Order 2015-5, an attorney in the Office of the Federal Public Defender was appointed to represent Trice and provide supplemental briefing, if necessary, in light of Johnson. The attorney subsequently declined to file any additional pleadings on Trice's behalf. Accordingly, her appointment was terminated on August 5, 2016, and the government was directed to respond to the pending § 2255 motion.

On September 15, 2016, the government filed a motion to dismiss. The court notified Trice of the government's motion, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), and gave him 21 days in which to file a response. As of this date, no response has been filed. The matter is now ripe for review.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In this case, Trice claims that he is entitled to resentencing because he no longer qualifies as a career offender under § 4B1.1 of the Sentencing Guidelines. Upon review of the record, the court concludes that this claim is without merit. Section § 4B1.1 provides that a defendant is a career offender if, among other factors, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). As summarized above, Trice had at least two prior felony convictions for controlled substance offenses at the time he committed the offense of conviction. Accordingly, Trice was properly designated as a career offender.

In seeking relief under § 2255, Trice relies upon the Supreme Court's decision in Johnson v. United States, in which the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. Johnson, 135 S. Ct. at 2555-57. However, Johnson has no application here. Trice was not sentenced under the residual clause of the Armed Career Criminal Act. Nor was his sentence based upon the residual clause previously contained

3

in § 4B1.2 of the Sentencing Guidelines. Instead, Trice was designated as a career offender based on at least two prior felony convictions for controlled substance offenses. Because the definition of a "controlled substance offense" was not called into question by Johnson, the decision has no effect on the propriety of Trice's sentence. See United States v. Reid, No. 16-4318, 2016 U.S. App. LEXIS 21350, at *2 (4th Cir. 29, 2016) ("Johnson has no application where, as here, the designation of career offender is based on prior felony drug convictions."). Accordingly, Trice is not entitled to relief under § 2255.[*]

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny Trice's § 2255 motion. Additionally, because Trice has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 28th day of February, 2017.

_____
Chief United States District Judge

---

[*] On June 27, 2016 the Supreme Court granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), a case that presents the question of whether Johnson applies to sentences imposed under the residual clause previously found in § 4B1.2(a)(2) of the Sentencing Guidelines, and, if so, whether that rule applies retroactively to cases on collateral review. Because Trice's career offender designation was not based upon the residual clause, it is unnecessary to await the Supreme Court's decision in Beckles. Likewise, because Johnson is clearly inapplicable to the defendant's case, the court need not address any other arguments raised in support of the government's motion to dismiss.

4